IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

AXEL ROLON MENDEZ
LYDIA ANGELICA VAZQUEZ COLON

DEBTORS

CASE NO 13-00413 BKT

CHAPTER 13

### DEBTORS' MOTION IN COMPLIANCE WITH *ORDER* DOCKET NO. 120 RE: *TRUSTEE'S MOTION TO DISMISS* DOCKET NO. 119

TO THE HONORABLE COURT:

**COME NOW, AXEL ROLON MENDEZ** and **LYDIA ANGELICA VAZQUEZ COLON**, debtors in the above captioned case, through the undersigned attorney, and very respectfully state and pray as follows:

1. On May 10, 2018, the Chapter 13 Trustee filed a *Trustee's Motion to Dismiss*, Docket No. 119, basically stating that upon examining the Debtors' 2016 tax return it appears that the Debtors received additional income that was not disclosed in this case and not paid into the Plan for the benefit of creditors, thus, pursuant to 11 USC 1307(c) ("bad faith") a dismissal of the present case is warranted.

2. On June 15, 2018, this Honorable Court issued an <u>ORDER</u> Docket No. 120, whereby the Court Ordered the Debtors to state its position to the *Trustee's Motion to Dismiss* (Docket No. 119) within fourteen (14) days, due by June 29, 2018, or the case will be dismissed without further notice or hearing. <u>ORDER</u>, Docket No. 120.

3. Pursuant to this Honorable Court's <u>ORDER</u> (Docket No. 120) the Debtors hereby reply to the Trustee's motion to dismiss, as follows.

### I. COUNTER STATEMENT OF UNDISPUTED FACTS:

4. On January 23, 2013, the Debtor Axel Rolon Mendez filed a Chapter 13 voluntary petition, case number 13-00413 BKT.

5. On that same date, January 23, 2013, Joint Debtor Lydia Angelica Vazquez Colon, filed a separate Chapter 13 voluntary petition, case number 13-00416.

Page – 2-
Debtors' Motion Compliance Order and
Reply to Trustee's Motion to Dismiss
Case no. 13-00413 BKT13

6. On January 24, 2013, the Debtor and the Joint Debtor requested a substantive consolidation of their Chapter 13 cases (Docket No. 7) and on March 14, 2013, the Court Ordered the consolidation of Lead Case 3:13-bk-413 with Member Case 3:13-bk-416, Docket No. 15.

7. The Debtor is a Policeman working for the Puerto Rico Police Department, the Joint Debtor is employed by a private Company as a "training coordinator" and the Debtors have two (2) minor age daughters now ages 17 and 9, both of whom are students.

8. The Debtor drives a 2003 Mazda Protégé, which vehicle he uses for a daily drive from Cidra (residence) to Caguas (place of work) and the Joint Debtor drives a 2005 Nissan Pathfinder, which she uses for a daily drive from Cidra (residence) to Humacao (place of work).

9. The Debtors' confirmed Plan (Docket No. 37) provides for Plan payments of $250.00 for fifteen (15) months and $320.00 for forty-five (45) months for a total Plan base of $18,150.00.

10. The confirmed Plan (Docket No. 37) also provides for the direct post-petition mortgage loan payments (on the Debtors' residential real property) of approximately $829.00 per month to Rushmore Loan Management Services ("Rushmore") (originally Doral Bank). *See:* POC No. 4-2, filed by Rushmore in the above captioned case.

11. In the present case, the Debtors are "above median debtors" with a zero ($0.00) "pool" or "disposable income" (Docket No. 01) and a "liquidation value" of $5,385 at a present value of $6,247.00. The confirmed Plan (Docket No. 37) complies with both the *means test* and the *"best interests of creditors"* (liquidation value) test (See: *Trustee's Report on Confirmation*, Docket No. 40).

12. During the life of the Plan, the Debtor maintained a regular and stable salary income from the P.R. Police Department. In the year 2016, the Joint Debtor increased her gross monthly income to $3,231.67 which compared to the listed income of $2,162.90 (Schedule "J"), results in an increase of $415.00 bi-weekly gross income for said 2016 year.

Page – 3-
Debtors' Motion Compliance Order and
Reply to Trustee's Motion to Dismiss
Case no. 13-00413 BKT13

13. During the years 2014, 2015 and 2016 the Debtors had difficulty keeping current their direct post-petition mortgage loan payments. During said years (2014-2016) the Debtors incurred in arrears in their post-petition direct mortgage loan payments to Rushmore. *See*: Rushmore's Motions for Relief of Stay (failure to maintain direct current post-petition payments) at Docket No. 63 and Docket No. 70; and this Courts <u>Order</u> lifting the stay in favor of Rushmore, dated 06/28/2016, at Docket No. 96. The Debtors have now entered in a loan modification/loss mitigation with Rushmore in order to save their residential real property.

14. On January 17, 2018, the Debtors completed their payments under the terms of the confirmed Plan (Docket No. 37).

15. A Trustee's <u>Financial Summary Report</u> (dated 06/25/2018) for the present case reflects that on January 17, 2018, the Debtors paid the 60th payment of $320.00 to complete all payments under the Plan. It is to be noted that said Report also reflects that the Debtors paid-in the total sum of **$18,705.00** (the confirmed Plan base is $18,150.00) since on 03/26/2017 the Debtors made an additional payment of $555.00 from a tax refund received during said year.

16. On February 14, 2018, the Trustee requested a copy of the Debtors' 2016 tax return (Docket No. 110) and on May 10, 2018, the Chapter 13 Trustee moved for a dismissal of the present case (Docket No. 119) alleging that the Debtors acted in "bad faith" since they did not pay into the Plan certain additional income received during the year 2016.

## II. LEGAL ARGUMENT

### A. THE LEGAL GROUNDS TO REQUEST A DISMISSAL 11 U.S.C. 1307(c)

17. Section 1307(c) of the Bankruptcy Code, 11 U.S.C. Section 1307(c), provides a list of reasons as to why a Chapter 13 case may be dismissed.

18. However, the list of reasons for dismissal provided for in Section 1307(c) is not exclusive. <u>In re Gonic Realty Trust</u>, 909 F.2d 624 (1st Cir. 1990).

Page – 4-
Debtors' Motion Compliance Order and
Reply to Trustee's Motion to Dismiss
Case no. 13-00413 BKT13

19. A dismissal of a Chapter 13 case pursuant to Section 1307(c) for "cause" is discretionary, rather than mandatory. *In re Green*, 64 B.R. 530 (B.A.P. 9th Cir. 1986).

20. Courts have exercised discretion and have denied case dismissals based on a debtor's failure to turn over debtor's husband share of a tax refund, *In re Malewicz*, 457 B.R. 1 (Bankr. E.D. N. Y. 2010); or for debtor's failure to file tax returns after confirmation of chapter 13 plan, In re *Dep't of Treasury v. Galarza Pagan*, 279 B. R.43 (Bankr. D.P.R. 2002).

21. In the case at bar, the reasons for dismissing the present case for "cause" pursuant to the Trustee's request for dismissal do not fall within the list of reasons to dismiss a case under Section 1307(c).

22. Therefore, in order to dismiss the present case the Court, in its discretion, must find that the Debtors' acts are such egregious and that the Debtors have acted in such "bad faith" that there is "cause" to dismiss the case.

23. The Debtors respectfully understand that in the present case there is no "cause" to dismiss the case since the situation concerning the Debtors' 2016 income increase may be reasonably explained as an excusable and unintended omission by the Debtors to disclose said additional income.

24. Moreover, the Debtors respectfully request the Court to consider that the Debtors' failure to disclose did not or would not have affected the Plan payment schedule or the Plan disbursements since the 2016 income increase brought with it a corresponding increase in the Debtors' household expenses, resulting in a zero ($0.00) additional "disposable income" to additionally fund the confirmed Plan.

25. Therefore, under the circumstances of the present case, it is reasonable to conclude that the Debtors did not acted in such egregious manner or acted in "bad faith" sufficient to make a finding that there is "cause" to dismiss the present case.

### B. THE DEBTORS' FAILURE TO DISCLOSE A 2016 SALARY INCREASE IS A HARMLESS ERROR.

26. Rule 61 of the Federal Rules of Civil Procedure defines a harmless error as one that does not affect the substantial rights of the parties or does not defeat substantial

justice. *Brandt v. Vulcan, Inc.*, 30 F.3d 752 (7th Cir. 1994) (discussing a harmless error and the concept of fundamental fairness).

27. In testing for harmlessness, the Court considers the entire record, and applies the standard on a case by case basis. *Nieves-Villanueva v. Soto-Rivera*, 133 F. 3d 92, 102 (1st Cir. 1992).

28. At its core, the harmless error inquiry asks whether the trial error could (or did) affect the outcome of a case to the substantial disadvantage of the losing party. *Pelletier v. Main Street Textiles, LP*, 470 F. 3d 48, 52-53 (1st Cir. 1996).

29. The Debtors respectfully request the Court to apply the harmlessness standard to the case at bar.

30. It is undisputed that the Debtors did not disclose the 2016 income increase. However, the same may be considered a harmless error since the failure to disclose did not result in that the creditors received fewer funds from the Debtors' confirmed Plan.

31. For the Court to conclude that the failure to disclose the 2016 income increase is a harmless error the Court should look at the entire record and the circumstances herein presented.

32. By taking into consideration that the Debtors' 2016 income increase would not have created a "disposable income" and, thus, that the Plan payment schedule and Plan base would have remained unaltered, the Court may conclude that the same (failure to disclose said additional income) did not affect substantial rights of creditors and did not defeat substantial justice in the present case.

## C. DISMISSAL IS NOT A FAIR REMEDY SINCE THE DEBTORS ARE ENTITLED TO A DISCHARGE

33. The Debtors respectfully submit that the failure to disclose the 2016 income increase was an involuntary omission and that the Debtors had no intention to deceive or conceal any income to the Court or to the Chapter 13 Trustee.

34. Furthermore, the Debtors have completed their confirmed Plan payments and are entitled to a discharge upon completion of Plan payments. 11 U.S.C. Section 1328(a).

Page – 6-
Debtors' Motion Compliance Order and
Reply to Trustee's Motion to Dismiss
Case no. 13-00413 BKT13

35. Section 1328(a) provides a debtor's right to a discharge upon completion of Plan payments, stating that "…as soon as practicable after completion by the debtor of all payments under the plan, …, **the court shall grant the debtor a discharge** of all debts provided for by the plan …" 11 U.S.C. Section 1328(a) (emphasis supplied).

36. On January 17, 2018 the Debtors paid the 60th payment to the Chapter 13 Trustee, completing the Plan payments. The Debtors respectfully understand that they are entitled, as a matter of law, to receive a discharge in the present case. 11 U.S.C. Section 1328(a).

### D. THE TRUSTEE'S REQUEST FOR DISMISSAL *vis a vis* THE DEBTORS' RIGHT TO A DISCHARGE.

37. The element of due process plays an important role in the issue presented before the Court in the case at bar.

38. For there to be a due process, there has to be adequate notification and compliance with the notions of fair play as developed under the due process provisions of the Constitution.

39. It is well recognized that "[T]he requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property. When protected interests are implicated, the right to some kind of hearing is paramount." *Board of Regents v. Roth*, 408 U.S. 564, 570 (1972).

40. The Debtors respectfully understand that they have a right and are entitled to a discharge in the present case. Therefore, the Debtors have a legitimate claim of entitlement to receive a discharge in the present case and as such, the notions of fair play and due process apply to the case at bar.

41. The Trustee's request for a dismissal of the present Chapter 13 case where the Debtors had already completed their payments under the confirmed Plan is untimely and fails to comply with the notions of fair play and due process in the present case.

Page – 7-
Debtors' Motion Compliance Order and
Reply to Trustee's Motion to Dismiss
Case no. 13-00413 BKT13

## III. ARGUMENT

42. The herein Debtors are hard-working and honest debtors who made their best effort to complete their 60-months Chapter 13 Plan. Under difficult and **dire** circumstances the Debtors made all payments required under the confirmed Plan in order to obtain a discharge upon completion of plan payments. 11 U. S. C. Section 1328(a).

43. Although the Debtors could have filed for or could have converted to, a case under Chapter 7, the Debtors elected to pay their creditors, through the confirmed Plan, completing all payments under the Plan.

44. After completing all payments under the confirmed Plan, the Chapter 13 Trustee filed a motion for dismissal alleging that the Debtors had acted in "bad faith" since an increase in the Joint Debtor's 2016 gross income reflected additional income which was not disclosed in this case and not paid into the plan for the benefit of creditors.

45. The Debtors respectfully state that the 2016 increase in the Joint Debtor's gross income stems from "overtime" and not from an increase in the Joint Debtor's regular or base salary.

46. After filing the present case, the Joint Debtor was transferred from her employer's office located in Caguas to an office in Humacao to cover a position which required long work-hours resulting in a salary increase stemming from said "overtime" in the sum of $415.00 bi-weekly gross income.

47. However, the above stated transfer from Caguas to Humacao and the overtime work performed by the Joint Debtor resulted in **an increase in the corresponding Debtors' monthly household expenses**. The Debtors' daily and/or monthly expenses such as car maintenance, gasoline, food at work, and child care for the Debtors' minor age daughters (due to the overtime work) increased said household expenses.

48. Although the Joint Debtor's 2016 income increased, the corresponding expenses also increased, which left the Debtors with no ($0.00) additional income to pay into the confirmed Plan, in the present case.

Page –8–
Debtors' Motion Compliance Order and
Reply to Trustee's Motion to Dismiss
Case no. 13-00413 BKT13

49. In summary, the Debtors argue the following:

--- that the failure to disclose the 2016 income increase was an involuntary omission and that the Debtors had no intention to deceive or conceal any income to the Court or to the Chapter 13 Trustee;

---that the Debtors completed all payments under the Plan;

---that although the Debtors incurred in arrears in their post-petition residential mortgage loan payments they maintained current the confirmed Plan payments to the Trustee, completing the payments under the Plan;

---that the 2016 income increase stems from an overtime income received by the Joint Debtor from her employer and not from other income received or that could have been received from no other sources;

---that during the life of the Plan the Debtors have not incurred in new debt and have maintained a moderate lifestyle, showing no luxurious or extravagant conduct;

---that the Debtors' fixed income barely met, during the life of the Plan, their household expenses for a family of four (4) and a $320.00 Plan payment;

---that the Debtors' oldest daughter, now 17 years old, is going to college which has increased the Debtors' monthly household expenses;

---that although the Debtors could have filed or could have converted their case to a case under Chapter 7, they elected to complete the payments under the Plan in order to receive a Chapter 13 discharge; and

---that the Debtors have suffered dire economic circumstances to complete the payments under the Plan and are entitled to a discharge and to a "fresh start" under the Bankruptcy Code.

## IV. CONCLUSION

50. The Debtors respectfully state that the 2016 income increase was used for "reasonable and necessary" expenses, that the Debtors acted at all times in good faith, that their failure to disclose additional income was an honest omission, and that said failure to

Page – 9-
Debtors' Motion Compliance Order and
Reply to Trustee's Motion to Dismiss
Case no. 13-00413 BKT13

disclose had no bearing on the Plan funds and is a harmless error, thus, the Chapter 13 Trustee's motion for dismissal should be denied.

51. Moreover, the Debtors are entitled to a discharge upon completion of Plan payments under 11 U.S.C. Section 1328(a), thus, the Trustee's motion for dismissal is untimely and the same should be denied.

**WHEREFORE,** based on the above stated, the Debtors respectfully pray that this Honorable Court grant the present motion in compliance with <u>ORDER</u> (Docket No. 120) and in Reply to the <u>Trustee's Motion to Dismiss</u>, Docket No. 119, and respectfully request that the Trustee's motion requesting dismissal, Docket No. 119, be denied.

**I HEREBY CERTIFY** that on this same date a copy of this notice was sent via electronically with the Clerk of the Court using CM/ECF systems which will send notifications of such to the Chapter 13 Trustee Alejandro Oliveras Rivera, Esq.; and to all other CM/ECF participants; and I also certify that I have mailed by United States Postal Service copy of this motion to the following non-participant: the Debtors, Axel Rolon Mendez and Lydia Angelica Vazquez Colón, Estancias del Bosque Nogales Box 518 Cidra PR 00739, in the above captioned case.

**RESPECTFULLY SUBMITTED.** In San Juan, Puerto Rico, this 26th day of June, 2018.

/s/ *Roberto Figueroa Carrasquillo*
USDC #203614
RFIGUEROA CARRASQUILLO LAW OFFICE PSC
ATTORNEY FOR the DEBTORS
PO BOX 186 CAGUAS PR 00726-0816
TEL 787-744-7699 FAX 787-746-5294
EMAIL: rfigueroa@rfclawpr.com